UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ROBERT WILSON,  :
        Plaintiff,  :
          :
  v.  :        CA 11-117 S
          :
UNITED STATES OF AMERICA  :
and JOHN DOE,  :
        Defendants.  :

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

    This is an action brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. Before the Court is Defendant United States' Motion to Transfer Venue (Docket ("Dkt.") #13) ("Motion to Transfer" or "Motion"). The Motion has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). A hearing was held on November 29, 2011. After reviewing the filings, listening to oral argument, and performing independent research, I recommend that the Motion be denied.

**Facts**

    On or about December 3, 2005, Plaintiff Robert Wilson ("Plaintiff" or "Wilson"), a resident of Narragansett, Rhode Island, was at Logan International Airport in Boston, Massachusetts, for the purpose of boarding a flight to Cancun, Mexico. See Complaint (Dkt. #1) ¶¶ 2, 5, 8. Wilson alleges that

he was required to pass through a security check point staffed by employees of the Transportation Security Administration ("TSA") and to submit to a search by a TSA agent.  Id. ¶ 9.  According to Wilson, he informed the TSA agent that he had recently undergone shoulder surgery and that the agent should be careful and not raise Wilson's left arm.  Id. ¶ 12.  Despite this request, Wilson alleges that the TSA agent stood behind him and rapidly jerked his left arm upward.  Id.  Wilson further alleges that this action caused a cadaver bone which had been implanted in his shoulder to fracture and also to cause two screws to pull from their location.  Id. ¶¶ 11-12.  He claims that as a result he was required to undergo multiple surgical procedures and has suffered severe and permanent injuries.  Id. ¶ 14.  His administrative claim was denied by the TSA in a letter dated December 30, 2010.[1]  Id. ¶ 4.  This action was filed on March 22, 2011.

**Law**

---

[1] According to counsel for the Government, Plaintiff's administrative claim was not presented to the TSA until just prior to the expiration of the two year period prescribed by 28 U.S.C. § 2401(b).  In addition, Plaintiff's prior counsel did not avail himself of the option of filing suit when six months passed without a final denial of that claim.  See Barrett v. United States, 462 F.3d 28, 36 (1st Cir. 2006) (explaining that pursuant to 28 U.S.C. § 2675(a) a plaintiff "may not file a tort claim in district court until (i) the agency finally denies the administrative claim, or (ii) six months pass without a final denial of the administrative claim–whichever comes first").  The combined effect of these two choices has resulted in a lawsuit arising from an incident which occurred nearly six years ago.

Under § 1404(a), a district court may transfer any civil action to any other district where it may have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). However, "there is ordinarily a strong presumption in favor of the plaintiff's choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255, 102 S.Ct. 252, 265-66 (1981); see also Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S.Ct. 839, 843 (1947)("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."); Paradis v. Dooley, 774 F.Supp. 79, 82 (D.R.I. 1991) (quoting Piper Aircraft and Gulf Oil); Ryan, Klimek, Ryan P'ship v. Royal Ins. Co., 695 F.Supp. 644, 647 (D.R.I. 1988)(quoting Piper Aircraft); Bertozzi v. King Louie Int'l, Inc., 420 F.Supp. 1166, 1173 (D.R.I. 1976)(quoting Gulf Oil). "Further, if the plaintiff is a resident of the district where the suit is brought, the plaintiff's choice of forum is given even greater deference." LaPlante v. Am. Honda Motor Co., C.A. No. 91-0015T, 1992 U.S. Dist. LEXIS 10180, at *4 (D.R.I. June 26, 1992).

In considering a request to transfer under § 1404(a), a court should consider whether certain public and private interest factors, if applicable, weigh in favor of or against the transfer. Those factors include:

3

(1) ease of access to sources of proof;
(2) availability of compulsory process to compel attendance of witnesses;
(3) cost of attendance of willing witnesses;
(4) ease of a view of premises, if necessary;
(5) enforceability of the judgment, if obtained;
(6) advantages and obstacles to a fair trial;
(7) status of the court's trial calendar;
(8) familiarity of forum with applicable state law.

Boothroyd Dewhurst, Inc. v. Bd. of Trs. of the Leland Stanford Junior Univ., C.A. No. 92-0075 P, 1993 U.S. Dist. LEXIS 20855, at *18-19 (D.R.I. July 8, 1993)(citing Gulf Oil); see also McGlynn v. Credit Store, Inc., 234 B.R. 576, 582 (D.R.I. 1999)(citing Gulf Oil); Paradis v. Dooley, 774 F.Supp. at 82 (quoting Piper). The burden is on the defendant to make the showing that the balance of these factors strongly favors transfer. See Bertozzi v. King Louie Int'l, Inc., 420 F.Supp. at 1173.

> Where there are only two parties to a dispute, there is good reason why it should be tried in the plaintiff's home forum if that has been his choice. He should not be deprived of the presumed advantages of his home jurisdiction except upon a clear showing of facts which either (1) establish such oppressiveness and vexation to a defendant as to be out of all proportion to plaintiff's convenience, which may be shown to be slight or nonexistent, or (2) make trial in the chosen forum inappropriate because of considerations affecting the court's own administrative or legal problems.

Nowak v. Tak How Invs., Ltd., 94 F.3d 708, 720 (1st Cir. 1996) (quoting Koster v. Lumbermens Mut. Co., 330 U.S. 518, 524, 67 S.Ct. 828, 831 (1947)).

### Application

Having considered the relevant factors, this Court concludes

4

that they do not strongly favor transfer. While the United States ("Defendant") indicates that there were eighteen TSA agents working at the security checkpoint on the morning that the incident occurred and suggests that Defendant could have this number of witnesses or more testifying at trial, the Court is not so persuaded. Given that the twelve agents who are still employed by the TSA have no knowledge or memory of the incident which allegedly caused Plaintiff's injury,[2] the prospect that any of the six who are no longer employed by the TSA will have such knowledge or memory six years after the fact appears to be remote. This Magistrate Judge doubts that the trial judge will allow Defendant to call eighteen witnesses merely to establish that they worked at the security checkpoint on the date in question and that they have no knowledge or memory of the incident about which Plaintiff complains. If this is in fact the case, it could be established far more expeditiously by way of a written stipulation.

To the extent that there may be TSA administrators or supervisors who have knowledge of security procedures at Logan Airport on December 3, 2005, or the physical layout of the security

---

[2] According to a Declaration in Support of Defendant's Motion to Transfer Venue executed by Robert Snyder, Assistant Federal Security Director for the Transportation Security Administration ("TSA") at Logan Airport, in early 2008 twelve of the eighteen employees on duty at the security checkpoint in question were interviewed about the alleged incident. None of the twelve employees recalled the incident. The other six employees were no longer employed by the TSA.

checkpoint in question, the Court is unable to imagine that their number is so large as to weigh significantly in the determination of the Motion in light of the relative closeness of Boston to Providence. Any relevant documents can easily be transported between the two cities.

On the other side of the ledger, Plaintiff, his wife, and his treating physician all reside in Rhode Island. While requiring them to travel to Boston would not be exceptionally onerous, it would obviously be inconvenient. In sum, I find the ease of access to sources of proof does not substantially favor transfer.

Defendant has not suggested that the availability of compulsory process is an issue here. Defendant does argue that, given severe governmental budgetary restraints, the cost of transporting eighteen or more witnesses to Providence is a significant factor favoring transfer. However, the Court has already expressed doubt that the trial judge will allow Defendant to present a parade of witnesses to establish that they have no knowledge of the alleged incident. Therefore, the cost of transporting Defendant's witnesses is not a significant factor, especially given the availability of convenient, regularly scheduled commercial rail and bus service between Boston and Providence.

With respect to a view, Defendant argues that it may be necessary to take a view of the airport because Plaintiff's wife

claims to have witnessed the incident and Defendant questions whether this was possible because of the physical layout of the checkpoint. However, the Court doubts that conducting a view more than six years after the fact would be of any assistance given the probability that there have been physical changes in layout of the checkpoint since the alleged incident.

The enforceability of the judgment is not an issue in this case. Regarding fairness, there no reason to doubt that a trial held in either location will be less than fair. With respect to local matters being handled locally, many Rhode Islanders utilize Logan Airport. It is not inappropriate (or an imposition) for this Court to hear and decide a claim arising out of a Rhode Islander's use of that airport.

Defendant's counsel represented that the average time between filing and trial is a few months shorter in the District of Massachusetts and that this circumstance favors transfer. While it is true that this Court labored for many months without a full complement of district judges, that condition was rectified six months ago. The current state of the Court's calendar is not such as to weigh significantly in favor of transfer.

Defendant argues that because Massachusetts law will apply, this circumstance favors transfer. However, Massachusetts is an adjacent district, and this Court has previously applied the law of that state on multiple occasions. Cf. Brian Jackson & Co. v.

7

Eximias Pharm. Corp., 248 F.Supp.2d 31, 39 (D.R.I. 2003)(expressing confidence in the Court's ability to apply Massachusetts, Rhode Island, or Pennsylvania law).

Finally, Defendant argues that most cases involving claims against TSA agents have been transferred to the districts within which the airport in question is located and that this should be done here. In those cases, however, the districts in which the suits were brought were located hundreds or thousands of miles from the airports at which the incident giving rise to the claim occurred. Thus, the cases are distinguishable from the instant matter which involves an airport located an hour or less from Providence.

In sum, I find that Defendant has not shown that balance of convenience and related factors overcome the presumption favoring Plaintiff's choice of forum. Accordingly, Defendant's Motion should be denied, and I so recommend.

## Conclusion

For the reasons explained above, I recommend that the Motion to Transfer be denied. Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's

decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


/s/ *David L. Martin*
DAVID L. MARTIN
United States Magistrate Judge
December 1, 2011